UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| United States of America, | |
| —v— | 14-cr-783 (AJN) |
| Roderick Hernandez, | OPINION |
| Defendant. | AND ORDER |

ALISON J. NATHAN, District Judge:

The Government has instituted revocation of supervised release proceedings against

Defendant Roderick Hernandez. Now before the Court is Defendant's motion for a jury trial on

all specifications against him, Dkt. No. 49. For the reasons articulated below, the motion is

DENIED.

## I.    BACKGROUND

In 2015, Defendant Roderick Hernandez pled guilty to one of count of violating 18

U.S.C. § 922(g)(l), which makes it illegal to be a felon in possession of a firearm. He was

sentenced to twenty-seven months in prison followed by a three-year term of supervised release,

which commenced on November 7, 2016. Hernandez is presently charged with eleven

specifications alleging violations of the conditions of his supervised release. The first three arise

out of an incident that occurred on April 14, 2019. Hernandez is alleged to have possessed crack

cocaine and marijuana, as well as to have resisted arrest. The fourth specification concerns two

allegedly failed drug tests that came back positive for marijuana. Specification five alleges that

Hernandez missed a meeting with his probation officer. The sixth specification alleges that

Hernandez refused to submit to a drug test. Specification seven alleges reckless driving, and

specification eight concerns an allegedly failed drug test that came back positive for marijuana and cocaine. The final three specifications, numbered nine through eleven, allege that the Hernandez sold crack cocaine to an undercover police officer, and that he possessed crack cocaine. Specifications 1-3, 7, and 9-11 allege violations of state criminal law, while specifications 1, 2, 4, 6, and 8-11 trigger a mandatory revocation of supervised release under 18 U.S.C. § 3583(g).

## II. DISCUSSION

### A. The Jury Trial Right and Supervised Release

The Fifth and Sixth Amendments require the Government in a criminal prosecution to prove each element of a crime to a jury beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 111, 114-15 (2013); *In re Winship*, 397 U.S. 358, 386 (1970). For the sake of brevity, the Court will refer to these two constitutional guarantees as the jury trial right. In a line of cases starting with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court established that any fact that increases the statutory minimum or maximum sentencing range for a given offense is an element of that offense. *Alleyne*, 570 U.S. at 114-15 ("[T]he essential Sixth Amendment inquiry is whether a fact is an element of the crime. When a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms a constituent part of a new offense and must be submitted to the jury."). While the implications of these cases for a traditional criminal prosecution were clear, they did not provide direct guidance as to whether the jury trial right applied to revocation of supervised release proceedings. Under the current statutory scheme, these proceedings are tried without a jury on a preponderance of the evidence standard. Filling the void, the Second Circuit has held that the jury trial right does not reach supervised release. *See United States v. Carlton*, 442 F.3d 802, 809-10 (2d Cir. 2006); *United*

2

*States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). The Second Circuit concluded that the deprivation of the defendant's jury trial right was a consequence of the conditional liberty authorized by the conviction. *See Carlton*, 442 F.3d at 809-10.

Recently, the Supreme Court addressed the relevance of the jury trial right for supervised release in *United States v. Haymond*, 139 S. Ct. 2369 (2019). That case dealt with an unusual provision that applied to convicted sex offenders who commit one of an enumerated list of federal sex crimes while on supervised release. *See* 18 U.S.C. § 3583(k). For a typical violation of supervised release, there is no mandatory revocation provision and the maximum term of reincarceration is determined solely by the original crime of conviction. *See id.* § 3583(e)(3). But violations of § 3583(k) carry a minimum term of five years in prison and a maximum term of life. A four-justice plurality would have applied *Alleyne* directly. *See* 138 S. Ct. at 2378-79 (plurality opinion). Since § 3583(k) carries a mandatory minimum, the plurality reasoned that "the facts the judge found here increased 'the legally prescribed range of allowable sentences' in violation of the Fifth and Sixth Amendments.'" *Id.* at 2378 (quoting *Alleyne*, 570 U.S. at 115).

Justice Breyer, concurring in the judgment, took a different approach. *See Haymond*, 139 S. Ct. at 2385-86 (Breyer, J., concurring). Because Justice Breyer provided the "narrowest grounds" in a case where "no single rationale explaining the result enjoys the assent of five Justices," his concurrence represents "the holding of the Court." *Marks v. United States*, 430 U.S. 188, 193 (1977) (quotation omitted). As a general matter Justice Breyer "would not transplant the *Apprendi* line of cases to the supervised-release context." *Haymond*, 139 S. Ct. at 2385 (Breyer, J., concurring). However, the jury trial still has bearing on the supervised release system. Justice Breyer noted that "[t]he consequences that flow from violation of the conditions of supervised release are first and foremost considered sanctions for the defendant's 'breach of

trust'—his 'failure to follow the court-imposed conditions' that followed his initial conviction.'"
*Id.* at 2386 (quoting United States Sentencing Commission, Guidelines Manual ch. 7, pt. A, intro. 3(b) (Nov. 2018). He gave the principal supervised release provision, § 3583(e)(3), as an example of a provision that comports with this view. But, Justice Breyer explained, if a supervised release provision deviates from this understanding and instead "more closely resemble[s] the punishment of [a] new criminal offense[]," then the protections of the jury trial right apply. *Id.*

According to Justice Breyer, § 3583(k) resembled a new criminal offense for three reasons, "considered in combination." *Id.* First, it "applies only when a defendant commits a discrete set of federal criminal offenses specified in the statute." *Id.* Second, it "takes away the judge's discretion to decide whether violation of a condition of supervised release should result in imprisonment and for how long." *Id.* Third, "§ 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years' upon a judge's finding that a defendant has 'commit[ted] any' listed 'criminal offense.'" *Id.* (quoting 18 U.S.C. § 3583(k). As a result, the jury trial right applies to § 3583(k), and the judicial factfinding that triggered its mandatory minimum was unconstitutional. The Court remanded the case for a determination of the proper remedy. *Id.* at 2385 (plurality opinion).

Hernandez claims that under *Haymond*, he is entitled to a jury trial on all specifications against him. At the very least, he argues that he is entitled to a jury trial on the specifications to which § 3583(g) applies. That provision singles out certain conditions of supervised release regarding drug possession, drug testing, and illegal firearms possession. 18 U.S.C. § 3583(g). When those specific conditions are violated, § 3583(g) "provides that supervised release must be revoked and some term of imprisonment imposed." *United States v. Fleming*, 397 F.3d 95, 97

(2d Cir. 2005). Section 3583(g), though, does not affect the upper limit on reincarceration. The maximums in 3583(e)(3), which are determined solely by the initial conviction, still apply. Hernandez frames § 3583(g) as functioning like a § 3583(k)-type mandatory minimum and argues that the facts which trigger it must be found by a jury.

### B. The Pre-*Haymond* Second Circuit Decisions

As an initial matter, the Government contends that this Court remains bound by the pre-*Haymond* Second Circuit precedents which found the jury trial right inapplicable to revocations conducted under § 3583(e)(3) and (g). *See United States v. Carlton*, 442 F.3d 802, 809-10 (2d Cir. 2006); *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005). The Court need not resolve this question because the outcome here does not hinge on the continuing force of *McNeil* and *Carlton*. Regardless of the precedential weight afforded to those cases following *Haymond*, the Court concludes that Hernandez is not entitled to a jury trial on any of the specifications against him.

### C. Revocations Conducted Solely Under § 3583(e)(3)

The Court first addresses the specifications for which § 3583(g) does not apply, numbered 3, 5, and 7. These revocations are conducted solely under § 3583(e)(3). As discussed above, Justice Breyer gave § 3583(e)(3) as the paradigmatic example of a provision that resembled "sanctions for the defendant's breach of trust" and not "punishment of [a] new criminal offense[]." *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring) (quotation omitted). Unlike § 3583(k), subsection (e)(3) does not single out criminal conduct. And "the consequences for violation of conditions of supervised release under § 3583(e) . . . are limited by the severity of the original crime of conviction, not the conduct that results in revocation." *Id.* Hernandez is not entitled to a jury trial on these specifications.

## D. Revocations Conducted Under § 3583(g)

The specifications that trigger mandatory revocation under § 3583(g) present a closer question. Even so, the result is the same: § 3583(g) does not implicate the jury trial right because it does not sufficiently resemble punishment for a new criminal offense. Section 3583(g) lacks all three aspects which, "in combination," led Justice Breyer to apply the jury trial right to § 3583(k). *Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). First, while it does single out certain conditions, only some of that conduct, such as "possess[ion] [of] a controlled substance," is criminal. 18 U.S.C. § 3583(g)(1). Other violations, like "refus[al] to comply with drug testing" are otherwise legal. *Id.* § 3583(g)(3). Section 3583(g) therefore is not triggered solely by criminal conduct. *See Haymond*, 139 S. Ct. at 2386 (Breyer, J., concurring). Hernandez raises the possibility of having a jury trial on only those specifications that are both criminal offenses and covered by § 3583(g). But Justice Breyer indicated that a given provision should be evaluated as a whole and not on a case-by-case basis. It was important that "§ 3583(k) applies *only* when a defendant commits a discrete set of federal criminal offenses." *Id.* (emphasis added). Otherwise, the constitutionality of § 3583(e)(3) would be in question any time the Government attempts to revoke supervised release based on criminal conduct.

Additionally, while § 3583(g) "takes away the judge's discretion to decide whether violation . . . should result in imprisonment," it does not constrain "how long" the imprisonment will last—further distinguishing it from § 3583(k). *Id.* Moreover, while Justice Breyer designated the presence of a mandatory minimum as the second factor in his analysis, he made its length a third, separate factor. He found it crucial that "§ 3583(k) limits the judge's discretion in a particular manner: by imposing a mandatory minimum term of imprisonment of 'not less than 5 years.'" *Id.* (quoting 18 U.S.C. § 3583(k)). This suggests that the length of § 3583(k)'s

mandatory minimum played a decisive role in his reasoning. And while a mandatory minimum of less than five years could presumably violate the jury trial right, § 3583(g) creates the most minimal of mandatory minimums. A sentence of one day, one hour, or even time served would satisfy its command. This *de minimis* mandate does not sufficiently distinguish § 3583(g) from § 3583(e)(3) for purposes of the jury trial right.

Section 3583(g) therefore "is designed to sanction the defendant's breach of trust rather than punish a separate crime." *United States v. Wilson*, 939 F.3d 929, 933 (8th Cir. 2019). It differs from § 3583(e)(3) only in that it highlights certain violations of supervised release as especially important breaches of trust. Under Justice Breyer's controlling concurrence, this alone cannot be a basis for invoking the Fifth and Sixth Amendments.

## IV. CONCLUSION

For the reasons articulated above, Defendant's motion for a jury trial is DENIED. The Court will schedule a status conference in this case by separate order.

This resolves Dkt. No. 49.


SO ORDERED.


Dated: November 6, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge